
FILED
JUL 06 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 90-0378 (PLF) |
| ) | |
| ANTONIO R. PAYTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the defendant's motion for the retroactive application of the Sentencing Guidelines for crack cocaine and amendment of the commitment order under 18 U.S.C. § 3582(c)(2) [Docket No. 3] and the government's second corrected response to the motion [Docket No. 9].

On March 5, 1991, Judge Harold Greene sentenced the defendant to 96 months imprisonment for possession with the intent to distribute five grams or more of cocaine base or crack. The defendant has requested that his sentence be reduced from 96 months to 33 months under 18 U.S.C. § 3582(c)(2) based on amendments to the United States Sentencing Guidelines, which have been made retroactive by the Sentencing Commission. The Court lacks the authority, however, to impose a sentence below the statutory mandatory minimum of 60 months imprisonment, which applied at the time sentence was imposed and still applies. Such statutory minimums passed by Congress always trump the Guidelines, Dorsey v. United States, 132 S. Ct. 2321, 2327-30 (2012), and the Fair Sentencing Act of 2010 ("FSA"), reducing mandatory minimums, does not apply retroactively to a defendant whose conviction and original sentence

became final before the FSA was passed.  See United States v. Fields, 699 F.3d 518, 522 (D.C. Cir. 2012).

Accordingly, the Court will GRANT the defendant's motion in part and DENY it in part, reducing his sentence from 96 months to 60 months.  An Order regarding the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) will be issued this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 7/6/16